UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>DIOCESE OF LA CROSSE<br>and AREN LONGHURST,<br><br>    Defendants. | Case No. 3:09-CV-295 |

## FINAL DECREE OF INTERPLEADER

  This cause comes before the Court on Midland National Life Insurance Company's ("Midland National") motion for the entry of a final decree of interpleader in its favor, the Court having considered Midland National's written motion and its proposed final decree of interpleader, the admissions and pleadings on file herein, this Court's docket, and the arguments and representations made by counsel for parties who have heretofore appeared in this matter; the Court being fully advised:

**THE COURT FINDS AS FOLLOWS:**

  1. Midland National issued its Annuity No. 8800005348 insuring Richard Mohr ("Mohr") on August 8, 2005 ("Annuity"), and the Annuity had a death benefit of $205,206.08 at the time of Mohr's death.

  2. Subsequent to Mohr's death, Midland National received adverse and conflicting claims to the Annuity death benefit from Karen Longhurst, the Retired Priests of the Diocese of La Crosse and the Retired Nuns of the Diocese of La Crosse, and

Midland National was therefore unable to discharge its admitted liability for the Annuity death benefit under the Annuity on account of the death of Richard Mohr without exposing itself to multiple litigation, liability, or both.

3. The Retired Priests of the Diocese of La Crosse and the Retired Nuns of the Diocese of La Crosse are subsidiaries of the Diocese of La Crosse.

4. Midland National filed this interpleader action against the Diocese of LaCrosse and Karen Longhurst to avoid multiple liability or litigation or both and is entitled to interpleader relief as requested in its motion for the entry of this Final Decree of Interpleader.

5. The full and total liability of Midland National under the Annuity and on account of the death of the Mohr is $205,206.08 plus all applicable accrued interest, which sum Midland National is prepared to deposit with the Clerk of this Court to abide the further order of this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

A. This Court has personal jurisdiction of the parties to this interpleader action, namely the Diocese of La Crosse and Karen Longhurst, all of whom have been served with process and appeared by counsel, has subject matter jurisdiction over this lawsuit, and venue is proper in this Court.

B. Midland National is ordered to deposit its total admitted liability of $205,206.08 – plus all applicable accrued interest and minus its actual attorney's fees and disbursements – with the Clerk of this Court;

C. Upon depositing its admitted liability, Midland National will have discharged its full and total liability under Annuity No. 8800005348 payable on account

of the death of Richard Mohr and shall have no further liability to the defendants, and each of them, their subsidiaries, and each and any person or entity claiming through or for the benefit of the defendants, or any of them, arising under the policy on account of the death of Richard Mohr.

D. The defendants, the Diocese of La Crosse and Karen Longhurst, and each of them, their subsidiaries, and any person or entity claiming through or for the benefit of them, are permanently and perpetually restrained and enjoined from commencing or prosecuting any proceeding or claim against Midland National in any state or federal court or any other forum with respect to the insurance proceeds payable under the Annuity No. 8800005348 and on account of the death of Ricahrd Mohr and this injunction issues without bond or surety.

E. Midland National is excused from further attendance upon this cause and the adverse claimants shall litigate their claims to the Annuity death benefit which is the subject of this lawsuit without further involving Midland National.

F. This decree is a final judgment and this Court expressly finds and determines that there is no just reason to delay enforcement or appeal of this order.

ENTERED this ___6TH___ day of ___OCTOBER___, 2009.

_____
STEPHEN L. CROCKER
MAGISTRATE JUDGE